UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: TLI COMMUNICATIONS LLC
PATENT LITIGATION                                                          MDL No. 2534


**TRANSFER ORDER**


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, sixteen defendants (hereinafter, the Moving Defendants)[1] move for centralization of this patent infringement litigation in the Northern District of California or, alternatively in the District of Delaware. This litigation currently consists of ten actions pending in the District of Delaware and seven actions pending in the Eastern District of Virginia, as listed on Schedule A. This litigation involves patent infringement allegations concerning U.S. Patent No. 6,038,295 (the '295 patent), entitled "Apparatus and Method for Recording, Communicating and Administering Digital Images." The '295 patent relates to the uploading of digital images by mobile devices, such as smart phones, to a central server.

In addition to the Moving Defendants, two other defendants responded to the motion to centralize. Apple Inc. supports centralization in N.D. California. For a Song, Inc., supports centralization, but takes no position on the transferee district. The patentholder, TLI Communications LLC (TLI), opposes centralization. Alternatively, if the Panel should centralize this litigation, then TLI supports the Eastern District of Virginia as the transferee district.

TLI primarily opposes centralization on the basis that any common factual issues among the actions will be subsumed by the unique factual issues presented by each defendant. More specifically, TLI asserts that proof of infringement in the various actions will not involve many common facts, in part because defendants use different and unique image-uploading platforms, utilizing different algorithms and methods. Thus, according to TLI, each accused product potentially may infringe different claims of the '295 patent.

We find TLI's arguments unconvincing. The complaints against each of the defendants contain substantially similar, if not identical, allegations. Independent claims 1 and 17 of the '295 patent are asserted in each action. Moreover, the Panel has often centralized litigation involving different products that allegedly infringe a common patent. As we stated in our decision centralizing

---

[*] Judges Charles R. Breyer and Ellen Segal Huvelle took no part in the decision of this matter.

[1] The Moving Defendants include: Facebook, Inc.; Instagram, LLC; Imgur LLC; WHI, Inc. d/b/a We Heart It; Tripadvisor, Inc.; Twitter, Inc.; Vine Labs, Inc.; Shutterfly, Inc.; Dropbox, Inc.; Yahoo! Inc.; Tumblr, Inc.; IAC/InteractiveCorp; Citygrid Media, LLC; Vimeo, LLC; Pinterest, Inc.; and Photobucket.com, Inc.

-2-

*In re Bear Creek Technologies, Inc., ('722) Patent Litigation*:

> [W]hile the facts surrounding infringement in this litigation may vary from defendant to defendant, the actions will share substantial background questions of fact concerning the numerous anticipated arguments regarding the validity and enforceability of the '722 patent and implicating factual issues concerning such matters as the technology underlying the patent, prior art, priority (such as the contention that the patent was abandoned in 2003) and/or claim construction. Further, centralization offers substantial savings in terms of judicial economy by having a single judge become acquainted with the complex patented technology and construing the patent in a consistent fashion (as opposed to having six judges separately decide such issues).

858 F. Supp. 2d 1375, 1379-80 (J.P.M.L. 2012). Centralization will allow a single judge to preside over discovery relating to the '295 patent and to resolve any challenges to the validity or enforceability of the '295 patent.

Accordingly, on the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Eastern District of Virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All of the actions involve factual questions concerning the alleged infringement of the '295 patent, which relates to the uploading of digital images by mobile devices, such as smart phones, to a central server. While there will be some differences in the accused products and systems, the core factual and legal inquiries in each action will be similar, if not identical, and centralization will allow a single judge to preside over the discovery relating to the '295 patent and to consistently rule on challenges to the validity thereof. *See In re Maxim Integrated Prods., Inc., Patent Litig.*, 867 F. Supp. 2d 1333, 1334 (J.P.M.L. 2012). Furthermore, all of the actions are in the initial stages of litigation. Thus, centralization at this time will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on the complex and time-consuming matter of claim construction), and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Eastern District of Virginia is the most appropriate transferee district for pretrial proceedings in this litigation. Seven of the seventeen actions on the motion are pending in this district, whereas no actions are pending in the Northern District of California—the defendants' suggested transferee forum. Several defendants are located in or relatively close to the Eastern District of Virginia. Similarly, the network servers for several defendants—which, TLI argues, is one of the components of defendants' products and/or services that allegedly violate the '295 patent—are located either within or relatively near the Eastern District of Virginia. This district also is convenient for the parties and witnesses, particularly with respect to anticipated discovery of the patent inventor and prior owners, who are located in Europe. Finally, centralization in the Eastern District of Virginia allows us to assign this litigation to the Honorable Thomas S. Ellis III, an experienced and able jurist who has not yet presided over a multidistrict litigation.

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Virginia are transferred to the Eastern District of Virginia and, with the consent of that court, assigned to the Honorable Thomas S. Ellis III for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell          Lewis A. Kaplan
Sarah S. Vance               R. David Proctor

**IN RE: TLI COMMUNICATIONS LLC**
**PATENT LITIGATION**                                          MDL No. 2534

## SCHEDULE A

District of Delaware

TLI COMMUNICATIONS LLC v. DROPBOX INC., C.A. No. 1:13-01922
TLI COMMUNICATIONS LLC v. IAC/INTERACTIVECORP, ET AL.,
    C.A. No. 1:13-01925
TLI COMMUNICATIONS LLC v. IMGUR LLC, C.A. No. 1:13-01926
TLI COMMUNICATIONS LLC v. PHOTOBUCKET.COM INC.,
    C.A. No. 1:13-01927
TLI COMMUNICATIONS LLC v. SHUTTERFLY INC., C.A. No. 1:13-01929
TLI COMMUNICATIONS LLC v. SMUGMUG INC., C.A. No. 1:13-01930
TLI COMMUNICATIONS LLC v. SNAPCHAT INC., C.A. No. 1:13-01931
TLI COMMUNICATIONS LLC v. TRIPADVISOR INC., ET AL.,
    C.A. No. 1:13-01932
TLI COMMUNICATIONS LLC v. WHI, INC., C.A. No. 1:13-01934
TLI COMMUNICATIONS LLC v. YELP INC., C.A. No. 1:13-01936

Eastern District of Virginia

TLI COMMUNICATIONS LLC v. AV AUTOMOTIVE, LLC, ET AL.,
    C.A. No. 1:14-00136
TLI COMMUNICATIONS LLC v. HALL AUTOMOTIVE, LLC, ET AL.,
    C.A. No. 1:14-00137
TLI COMMUNICATIONS LLC v. AV AUTOMOTIVE, LLC, ET AL.,
    C.A. No. 1:14-00138
TLI COMMUNICATIONS LLC v. AV AUTOMOTIVE, LLC, ET AL.,
    C.A. No. 1:14-00139
TLI COMMUNICATIONS LLC v. AV AUTOMOTIVE, LLC, ET AL.,
    C.A. No. 1:14-00140
TLI COMMUNICATIONS LLC v. LUCIDIOM, INC., ET AL., C.A. No. 1:14-00141
TLI COMMUNICATIONS LLC v. AV AUTOMOTIVE, LLC, ET AL.,
    C.A. No. 1:14-00142